ORIGINAL

FILED
DISTRICT COURT OF GUAM

JAN 12 2005

MARY L.M. MORAN
CLERK OF COURT

carlcabrerapet

LEONARDO M. RAPADAS
United States Attorney
FREDERICK A. BLACK
Assistant U.S. Attorney
Suite 500, Sirena Plaza.
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
PHONE: 472-7332
FAX: 472-7334

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL CASE NO. 05-00002 |
| Plaintiff, | ) | |
| vs. | ) | **AMENDED PETITION FOR WRIT OF REMOVAL** |
| CARL CABRERA, | ) | |
| Defendant. | ) | |

Petitioner, United States Attorney for the District of Guam, respectfully shows this Court that:

1. On December 29, 2004, the United States Attorney's Office, for the District of the Northern Mariana Islands filed an indictment charging the defendant with Conspiracy to Distribute and Possess With Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 846;

2. On December 29, 2004, U.S. District Court Judge Alex R. Munson, U.S. District Court for the District of the Northern Mariana Islands, issued a no bail warrant of arrest for the defendant to be brought to the District of the Northern Mariana Islands to answer charges of the indictment. A copy of the indictment and warrant for arrest are attached and incorporated herein as Exhibit 1.

3. On January 11, 2005, the defendant was located at his place of employment, International Bridge Corporation, and was arrested.

1  WHEREFORE, petitioner prays this Court to issue a writ of removal pursuant to Rule 5(c) for
2  said defendant from the District of Guam to the District of the Northern Mariana Islands.
3  DATED this 11th day of January 2005.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: *[signature]*
FREDERICK A. BLACK
Assistant U.S. Attorney

# Criminal Case #05-00002

# Exhibit 1

# is hereby removed

# from the case file

# pursuant to the Judicial Conference

# Policy on Privacy and

# Public Access Act

COPY of Original Filed on this date

DEC 2 9 2004

Clerk
District Court
for The Northern Mariana Islands

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC JOHN TUDELA MAFNAS,<br>CHARLEY K. PATRIS and<br>CARL CABRERA,<br><br>Defendants. | Criminal Case No. CR 04 - 00038<br><br>**INDICTMENT**<br><br>Title 18, U.S.C., § 371 - Conspiracy (Ct. 1).<br>Title 18, U.S.C. § 666 - Theft Concerning Programs Receiving Federal Funds (Ct. 2);<br>Title 21, U.S.C. § 846 – Controlled Substance Conspiracy (Ct. 3);<br>Title 21, U.S.C. §§ 841(a)(1) & 841(b)(1)(B)- Possession With Intent To Distribute A Controlled Substance (Ct. 4);<br>Title 18, U.S.C. § 1001 - False Statements (Cts. 5-6);<br>Title 18, U.S.C. § 1623 - Perjury (Ct. 7-8). |

THE GRAND JURY CHARGES:

### COUNT ONE

### CONSPIRACY TO COMMIT THEFT, PERJURY AND TO MAKE FALSE STATEMENTS

Relevant Persons and Entities

1. At all times relevant to this Indictment, the Commonwealth of the Northern Mariana Islands ("CNMI") was a commonwealth in political union with the United States of America and a territory and possession thereof. The CNMI government received in excess of $10,000 in federal funds in each one-year period relevant hereto.

2. At all times relevant to this Indictment, the CNMI Department of Public Safety ("DPS"), pursuant to Article I of the Commonwealth Code, was a

department of the CNMI government composed of a police force, fire service and a corrections service. Among other duties, DPS was charged with providing effective police protection to the inhabitants of the CNMI. DPS received in excess of $10,000 in federal funds in each one-year period relevant hereto.

3. At all times relevant to this Indictment, there was within DPS a Special Investigation Section ("SIS") of the police force comprised of DPS detectives and officers working together with an officer of the CNMI Division of Customs Service. SIS investigated criminal offenses relating to controlled substance possession and distribution.

4. At all times relevant to this Indictment, ERIC JOHN TUDELA MAFNAS, the defendant, was a DPS detective assigned to SIS. MAFNAS' principal responsibility at SIS was to investigate drug crimes.

5. At all times relevant to this Indictment, CHARLEY K. PATRIS, the defendant, was a DPS detective assigned to SIS as well SIS' supervisory officer. PATRIS's principal responsibility at SIS was to investigate drug crimes.

6. At all times relevant to this Indictment, the Attorney General's Investigative Unit ("AGIU") was a law enforcement unit within the CNMI Attorney General's Office. Among other responsibilities, AGIU dispensed United States currency to CNMI law enforcement officers, including officers assigned to SIS, for use in conducting drug investigations.

## The Conspiracy

7. From in or about April 2002, continuing to in or about December 2003, in the District of the Northern Mariana Islands, and elsewhere, ERIC JOHN TUDELA MAFNAS and CHARLEY K. PATRIS, the defendants, together with others known and unknown, unlawfully, wilfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to commit theft concerning programs receiving federal funds, in violation of Title 18, United States Code, Section 666; to make false declarations before

-2-

a grand jury, in violation of Title 18, United States Code, Section 1623; and to make false statements, in violation of Title 18, United States Code, Section 1001.

8. It was a part and object of said conspiracy that ERIC JOHN TUDELA MAFNAS and CHARLEY K. PATRIS, the defendants, and their co-conspirators, unlawfully, wilfully and knowingly, being agents of DPS, a department of the CNMI government, which received in excess of $10,000 in federal funding annually, would and did embezzle, steal, obtain by fraud, and otherwise without authority knowingly convert to the use of persons other then the rightful owner and intentionally misapply, property that was valued at $5,000 and more and was owned by, and was under the care, custody, and control of such organization, government and agency, in violation of Title 18, United States Code, Section 666.

9. It was further a part and object of said conspiracy that ERIC JOHN TUDELA MAFNAS and CHARLEY K. PATRIS, the defendants, and their co-conspirators, unlawfully, wilfully and knowingly, under oath during testimony before a grand jury of the United States, would and did make false material declarations, in violation of Title 18, United States Code, Section 1623.

10. It was further a part and object of said conspiracy that ERIC JOHN TUDELA MAFNAS and CHARLEY K. PATRIS, the defendants, and their co-conspirators, in a matter within the jurisdiction of the executive branch of the Government of the United States, unlawfully, knowingly and willfully, would and did falsify, conceal, and cover up by trick, scheme, and device a material fact, and make materially false, fictitious, and fraudulent statements and representations, in violation of Title 18, United States Code, Section 1001.

## Means and Methods Of The Conspiracy

11. Among the means and methods by which ERIC JOHN TUDELA MAFNAS and CHARLEY K. PATRIS, the defendants, together with others known and unknown, would and did carry out the conspiracy were the following:

-3-

a. ERIC JOHN TUDELA MAFNAS and CHARLEY K. PATRIS, the defendants, and their co-conspirators, abused their positions as CNMI law enforcement officers by stealing from DPS property, including cash and evidence, valued in excess of $5,000.

b. ERIC JOHN TUDELA MAFNAS and CHARLEY K. PATRIS, the defendants, and their co-conspirators, identified and exploited weaknesses in DPS's controls and procedures with respect to the custody of evidence and record-keeping to both further and conceal their theft of property from DPS, including property that had been seized from persons in the course of SIS investigations. As MAFNAS and PATRIS well knew, such weaknesses permitted them to steal property from DPS with minimal risk of detection.

c. ERIC JOHN TUDELA MAFNAS and CHARLEY K. PATRIS, the defendants, and their co-conspirators, for the purpose of furthering and concealing their unlawful activities, prepared and filed materially false and misleading reports with respect to DPS investigations and caused official DPS records to be false and misleading.

d. ERIC JOHN TUDELA MAFNAS and CHARLEY K. PATRIS, the defendants, for the purpose of furthering and concealing their unlawful activity, purposely failed to file required DPS reports with respect to actions undertaken, including reports with respect to evidence seized, controlled buys conducted and persons arrested.

e. ERIC JOHN TUDELA MAFNAS and CHARLEY K. PATRIS, the defendants, and their co-conspirators, converted to their own use funds entrusted to them by DPS and AGIU.

f. ERIC JOHN TUDELA MAFNAS and CHARLEY K. PATRIS, the defendants, and their co-conspirators, provided materially false and misleading statements to agents of the Federal Bureau of Investigation.

-4-

g. ERIC JOHN TUDELA MAFNAS and CHARLEY K. PATRIS, the defendants, gave materially false and misleading testimony before a federal grand jury investigating their activities.

Overt Acts

12. In furtherance of said conspiracy and to effect the illegal objects thereof, ERIC JOHN TUDELA MAFNAS and CHARLEY K. PATRIS, the defendants, and their co-conspirators committed the following overt acts, among others, in the District of the Northern Mariana Islands:

a. On or about April 29, 2002, ERIC JOHN TUDELA MAFNAS and CHARLEY K. PATRIS, the defendants, and others, arrested an ice trafficker ("Drug Dealer No. 1") and seized approximately $2530 in cash and approximately $300 worth of methamphetamine, in the form commonly known as "ice."

b. On or about April 30, 2002, ERIC JOHN TUDELA MAFNAS, the defendant, falsely told DPS Division of Corrections officials that Drug Dealer No. 1 was a "DEA detainee," which permitted MAFNAS to have Drug Dealer No. 1 released the next day without creating an official DPS record of the arrest.

c. On or about April 30, 2002, ERIC JOHN TUDELA MAFNAS and CHARLEY K. PATRIS, the defendants, stole from DPS approximately $2530 in cash that had been seized from Drug Dealer No. 1.

d. On or about December 31, 2002, ERIC JOHN TUDELA MAFNAS, the defendant, acquired evidence that had been seized during a vehicle stop, including marijuana, and failed to place such evidence with the DPS evidence custodian.

e. On or about May 13, 2003, ERIC JOHN TUDELA MAFNAS, the defendant, took from the DPS evidence room approximately 46 grams of methamphetamine, in the form commonly known as "ice," that had been seized from Manabu Chizuwa.

f. On or about June 23, 2003, ERIC JOHN TUDELA MAFNAS, the defendant, received $1000 from AGIU for use in drug investigations.

-5-

g. On or about November 7, 2003, ERIC JOHN TUDELA MAFNAS and CHARLEY K. PATRIS, the defendant, stole approximately $3,220 that had been seized from a person arrested for ice trafficking ("Drug Dealer No. 2").

h. On or about November 8, 2003, CHARLEY K. PATRIS, the defendant, falsely stated in a DPS report that both he and another SIS officer had, on November 7, 2003, witnessed ERIC JOHN TUDELA MAFNAS, the defendant, count the cash seized from Drug Dealer No. 2.

i. On or about December 22, 2003, ERIC JOHN TUDELA MAFNAS, the defendant, falsely told agents of the Federal Bureau of Investigation that approximately 46 grams of ice that had been seized as evidence in the local prosecution of Manabu Chizuwa had been burned pursuant to authorization provided to MAFNAS by a CNMI Assistant Attorney General.

j. On or about December 22, 2003, CHARLEY K. PATRIS, the defendant, falsely told agents of the Federal Bureau of Investigation that he had seen a letter written by a CNMI Assistant Attorney General authorizing the destruction of approximately 46 grams of ice that had been seized as evidence in the local prosecution of Manabu Chizuwa.

k. On or about December 29, 2003, ERIC JOHN TUDELA MAFNAS, while under oath before a federal grand jury in the District of the Northern Mariana Islands, falsely claimed to have burned the ice seized during the investigation of Manabu Chizuwa.

l. On or about December 29, 2003, CHARLEY K. PATRIS, while under oath before a federal grand jury in the District of the Northern Mariana Islands, falsely claimed to have witnessed the burning of the ice seized during the investigation of Manabu Chizuwa.

(Title 18, United States Code, Section 371).

-6-

THE GRAND JURY FURTHER CHARGES:

## COUNT TWO
### THEFT CONCERNING PROGRAMS RECEIVING FEDERAL FUNDS

13. The grand jury realleges, adopts, and incorporates by reference herein, the allegations contained in paragraphs one (1) through twelve (12) as if fully set forth herein.

14. From in or about April 2002 through in or about December 2003, in the District of the Northern Mariana Islands and elsewhere, ERIC JOHN TUDELA MAFNAS and CHARLEY K. PATRIS, the defendants, and others known and unknown, unlawfully, wilfully and knowingly, being agents of a State agency, namely, the CNMI Department of Public Safety, an agency that received in excess of $10,000 in federal funding annually, embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to the use of persons other then the rightful owner and intentionally misapplied, property that was valued at $5,000 and more and was owned by, and was under the care, custody, and control of the CNMI Department of Public Safety, namely, MAFNAS and PATRIS embezzled, stole, obtained by fraud, and otherwise without authority knowingly converted to their own use cash and property from DPS worth more than $5,000.

(Title 18, United States Code, Sections 666(a)(1) and 2).

THE GRAND JURY FURTHER CHARGES:

## COUNT THREE
### CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE

15. The grand jury realleges, adopts, and incorporates by reference herein, the allegations contained in paragraphs one (1) through twelve (12) as if fully set forth herein.

16. From on or about May 13, 2003 to in or about December 2003, in the District of the Northern Mariana Islands and elsewhere, ERIC JOHN TUDELA

MAFNAS and CARL CABRERA, the defendants, and others known and unknown, unlawfully, wilfully and knowingly, combined, conspired, confederated and agreed, together and with each other, to distribute and possess with intent to distribute a controlled substance, namely, five grams and more of methamphetamine, in the form commonly known as "ice."

(Title 21, United States Code, Sections 846, 841(a)(1) & 841(b)(1)(B)).

THE GRAND JURY FURTHER CHARGES:

## COUNT FOUR
## POSSESSION WITH INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE

17. The grand jury realleges, adopts, and incorporates by reference herein, the allegations contained in paragraphs one (1) through twelve (12) as if fully set forth herein.

18. From on or about May 13, 2003 until a date unknown, in the District of the Northern Mariana Islands, ERIC JOHN TUDELA MAFNAS, the defendant, unlawfully, wilfully and knowingly, possessed with intent to distribute a controlled substance, namely, approximately 46 grams of methamphetamine, in a form commonly known as "ice."

(Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)).

THE GRAND JURY FURTHER CHARGES:

## COUNT FIVE
## FALSE STATEMENTS

19. The grand jury realleges, adopts, and incorporates by reference herein, the allegations contained in paragraphs one (1) through twelve (12) as if fully set forth herein.

20. On or about December 22, 2003, ERIC JOHN TUDELA MAFNAS, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, namely, within the jurisdiction of the Federal Bureau of Investigation, unlawfully, knowingly and willfully, falsified, concealed, and covered up

-8-

by trick, scheme, and device a material fact, and made materially false, fictitious, and fraudulent statements and representations, namely, ERIC JOHN TUDELA MAFNAS, the defendant, in response to questioning by agents of the Federal Bureau of Investigation, falsely stated that he had been received authorization, both orally and in writing, from a CNMI Assistant Attorney General to destroy approximately 46 grams of methamphetamine that had been seized as evidence on or about May 3, 2002 from Manabu Chizuwa.

(Title 18, United States Code, Sections 1001).

THE GRAND JURY FURTHER CHARGES:

## COUNT SIX

## FALSE STATEMENTS

21. The grand jury realleges, adopts, and incorporates by reference herein, the allegations contained in paragraphs one (1) through twelve (12) as if fully set forth herein.

22. On or about December 22, 2003, CHARLEY K. PATRIS, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, namely, within the jurisdiction of the Federal Bureau of Investigation, unlawfully, knowingly and willfully, falsified, concealed, and covered up by trick, scheme, and device a material fact, and made materially false, fictitious, and fraudulent statements and representations, namely, CHARLEY K. PATRIS, the defendant, in response to questioning by agents of Federal Bureau of Investigation, falsely stated that a CNMI Assistant Attorney General had authorized the destruction of approximately 46 grams of methamphetamine that had been seized on or about May 3, 2002 from Manabu Chizuwa.

(Title 18, United States Code, Sections 1001).

-9-

THE GRAND JURY FURTHER CHARGES:

## COUNT SEVEN
## PERJURY

23. The grand jury realleges, adopts, and incorporates by reference herein, the allegations contained in paragraphs one (1) through twelve (12) as if fully set forth herein.

24. On or about December 29, 2003, ERIC JOHN TUDELA MAFNAS, the defendant, unlawfully, wilfully and knowingly, under oath during testimony before a grand jury of the United States, made false material declarations, namely, the following testimony, among other false testimony, the underlined portions of which he knew to be materially false:

    a.    Q:    Whose idea was it to destroy this evidence?
           A:    I got the approval from at that time the drug –
           Q:    That's not the question. The question is whose idea was it?
           A:    To destroy?
           Q:    Yeah.
           A:    <u>The, ah drug prosecutor at that time si Don Wolfe.</u>
           Q:    It was his idea?
           A:    <u>He was the one who informed me to destroy it.</u>
           Q:    He told you to destroy it?
           A:    <u>That's correct.</u>
    b.    Q:    He told you orally to destroy the ice?
           A:    <u>He told me ah – yes, he did tell me orally and then he wrote a – typed a letter out for that.</u>
    c.    Q:    But you say you had a letter as well from Don Wolfe, right?
           A:    From Don Wolfe, yes, sir.

|     |    |    |                                                                                          |
|-----|----|----|------------------------------------------------------------------------------------------|
| 1   |    | Q: | When? What was the date on that letter?                                                  |
| 2   |    | A: | I don't recall the exact date on that letter.                                            |
| 3   |    | Q: | Who was it addressed to?                                                                 |
| 4   |    | A: | To the evidence custodian, ah Jun Taimanao, Johannes Taimanao.                           |
| 5   |    |    |                                                                                          |
| 6   |    | Q: | What did it say?                                                                         |
| 7   |    | A: | Word for word I don't recall, but I do recall that it says something to the effect of, ah authorizing the release of the evidence for disposal. |

Q: When? What was the date on that letter?
A: I don't recall the exact date on that letter.
Q: Who was it addressed to?
A: To the evidence custodian, ah Jun Taimanao, Johannes Taimanao.
Q: What did it say?
A: <u>Word for word I don't recall, but I do recall that it says something to the effect of, ah authorizing the release of the evidence for disposal.</u>
Q: What evidence?
A: <u>The ah, Chizuwa Manabu case.</u>

d. Q: Did you ask for that letter?
A: He gave it to me after I informed him that, ah the drugs cannot be release without authorization from the AG.
Q: And, it's just an authorization to release the drugs in connection with the case? Or an authorization to destroy the drugs, which was it?
A: <u>To destroy the drugs.</u>
Q: You're sure about that?
A: <u>Yes, sir?</u>

(Title 18, United States Code, Section 1623).

THE GRAND JURY FURTHER CHARGES:

## COUNT EIGHT
## PERJURY

25. The grand jury realleges, adopts, and incorporates by reference herein, the allegations contained in paragraphs one (1) through twelve (12) as if fully set forth herein.

-11-

26. On or about December 29, 2003, CHARLEY K. PATRIS, the defendant, unlawfully, wilfully and knowingly, under oath during testimony before a grand jury of the United States, made false material declarations, namely, the following testimony, among other false testimony, the underlined portions of which he knew to be materially false:

    a.  Q: Did you participate in any way with Eric Mafnas in signing out the Chizuwa ice, the 63.5 grams of ice, out of the evidence in May of 2003??

        A: No, sir.

        Q: That was Eric, not you?

        A: No, sir. Ah Eric, yeah, that's right?

        Q: And you had no role in that at all?.

        A: Signing out the evidence, no sir.

        Q: Did you know he was signing it out?

        A: Yes, sir.

        Q: How did you know? What did he tell you?

        A: <u>Because ah, when we finish from the AG that day, when we went back, there was a letter, ah, that it was given to us for him to procure the evidence</u>

        Q: When you went back to where?

        A: To -- when we walked back to CIB office.

        Q: The letter was already there?

        A: We were walking together and we had the letter.

        Q: You had the letter?

        A: Yes.

        Q: Who gave it to you?

        A: Don Wolfe gave it to Eric.

        Q: Were you present when Don Wolfe gave it to Eric?

-12-

| | | |
|---|---|---|
| 1 | A: | I was in the hallway when they were talking about it and then when Eric finished talking to Don Wolfe, he came out, we walked out from the AG, there was a letter he was holding. |
| 2 | Q: | Who raised the question of destroying evidence first, you? Eric Mafnas? Or Don Wolfe? |
| 3 | A: | I don't remember, sir. |
| 4 | Q: | Well, what you're telling us is at the end of this meeting, the next thing you know there's a letter saying to destroy the evidence, correct? |
| 5 | A: | There's a letter for Eric to procure the evidence |
| 6 | Q: | To procure the evidence? Or to . . . |
| 7 | A: | Yes. |
| 8 | Q: | . . .destroy the evidence? |
| 9 | A: | To procure. Ah during that – ah when Eric talked to Don Wolfe in there, they were talking about the evidence and then I over heard them talking about the evidence? |
| 10 | Q: | Well, procure is very different from destroy, correct? |
| 11 | A: | Ah yes, sir, but the conversation . . . |
| 12 | Q: | Procure means - - - |
| 13 | A: | . . . that I overheard in the AG's Office was about des – destroying evidence, about disposing of - - there's the word, disposing evidence. That's what I heard. |

(Title 18, United States Code, Section 1623).

-13-

Case 1:05-cr-00002     Document 2     Filed 01/12/2005     Page 16 of 18

THE GRAND JURY FURTHER CHARGES:

## SENTENCING ALLEGATIONS

27. With respect to the theft allegations in Counts One and Two of the Indictment:

   a. The value of the cash and property stolen and otherwise unlawfully taken from DPS exceeded $10,000;

28. With respect to each Counts One through Five and Seven of this Indictment:

   a. ERIC JOHN TUDELA MAFNAS, the defendant, was an organizer and leader of the criminal activity.

   b. ERIC JOHN TUDELA MAFNAS abused his position of trust with the CNMI Department of Public Safety.

29. With respect to Count Three and Count Four of the Indictment:

   a. The amount of methamphetamine in the form commonly known as "ice" exceeded thirty-five grams.

30. With respect to the false statement and perjury allegations in Counts One, Six and Eight:

   a. CHARLEY K. PATRIS, the defendant, by providing materially false information and testimony as charged was an accessory after the fact to the violation of Title 21, United States Code, Sections 841(a)(1) & 841(b)(1)(B) charged in Count Four.

-14-

31. With respect to each Counts One, Two, Six and Eight of this Indictment:

   a. CHARLEY K. PATRIS, the defendant, abused his position of trust with the CNMI Department of Public Safety.

DATED this 29th day of December, 2004.

A TRUE BILL.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬
Foreperson

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: /s/ Patrick J. Smith
PATRICK J. SMITH
Assistant United States Attorney